IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WALTER VINCENT ALSTON, # 43372-037 | * | |
| Petitioner | * | Civil Action No. RDB-12-2193 |
| v | * | |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |

\*\*\*

## MEMORANDUM OPINION

Pending is a Petition for Writ of Mandamus filed by self-represented Petitioner Walter Vincent Alston ("Alston")[1] in which he challenges his designation as an Armed Career Criminal and the resulting enhancement of his sentence, and asks this Court to "correct the illegal sentence he is now serving." Petition at 4. For reasons to follow, the Petition will be dismissed without prejudice.

### I.     BACKGROUND

Alston is incarcerated at the United States Penitentiary- Canaan in Waymart, Pennsylvania, where he is serving a 192-month sentence entered by this Court on April 3, 2009, after he pleaded guilty to possession of an unregistered firearm, a violation of 18 U.S.C. § 922(g)(1). *See Alston v. United States*, Criminal Action No. RDB-08-63 (D. Md. 2009). He did not appeal his conviction or sentence. On July 20, 2012, Alston filed this Petition for Writ of Mandamus, arguing that "by statute he is Factual Innocence [sic] of being an Armed Career Criminal." Petition, at 2-3.

---

[1] This Court recognizes that Alston is proceeding in this case pro se and has accorded his Petition liberal construction. *See Haines v. Kerner,* 404 U.S. 519 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**II.     DISCUSSION**

**A. Motion to Vacate, Set Aside or Correct Sentence**

Where, as here, a federal inmate seeks to challenge his sentence, the appropriate legal proceeding to bring his claims is in a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255.  *See Davis v. United States*, 417 U.S. 333, 343 (1974) (§ 2255 is the presumptive means for a federal inmate to collaterally attack his sentence).  Although the court construes the pleadings of pro se litigants liberally, Alston may not circumvent statutory requirements for § 2255 petitions by characterizing his motion otherwise.  *See Calderon v. Thompson*, 523 U.S. 538, 553-54 (1998); *see also United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003) (ruling that courts must not allow prisoners to circumvent procedural and substantive limitations on §2255 petitions by attaching other labels to the pleading).  Where, as here, a petitioner clearly intends to collaterally attack his judgment, the pleading is properly examined as a motion filed pursuant to 28 U.S.C. § 2255.  The Clerk will mail a § 2255 information and forms packet to Alston in the event he intends to file a Motion to Vacate, Set Aside or Correct his sentence.  He is cautioned that a one-year limitations period applies to § 2255 proceedings and preliminary review of the record suggests that it a Petition maybe time-barred.  Accordingly, if he files a § 2255 Motion, Alston should include any facts that support equitable tolling of the limitations period.

A Writ under 28 U.S.C. § 2241 and a Motion to Vacate, Set Aside or Correct sentence under 28 U.S.C. § 2255 are separate and distinct devices for securing collateral relief.  A § 2241 petition attacks the manner in which a sentence is executed, *see* 28 U.S.C. § 2241(a), whereas a federal inmate seeking to collaterally attack the imposition or validity of his federal judgment and sentence is required to bring a motion to vacate the sentence pursuant to 28 U.S.C.

§ 2255(a). *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir.1997) (en banc). While a federal prisoner may not generally seek collateral relief from a conviction or sentence by way of a § 2241 petition, there is an exception known as the "savings clause" in § 2255 which provides that a prisoner may seek relief under § 2241 if the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The "savings clause" is not triggered "merely . . . because an individual is procedurally barred from filing a Section 2255 motion[.]" *Vial*, 115 F.3d at 1194. Further, § 2255 "is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000).

The savings clause applies in only very limited circumstances. Specifically, § 2255 is inadequate and ineffective to test the legality of a conviction when: 1) at the time of conviction, settled law of this Circuit or the Supreme Court established the legality of the conviction; 2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and 3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *See United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (quoting *Jones*, 226 F.3d at 333–34.); *Darden v. Stephens*, No.10–7496, 2011 WL 1625094, at *1 (4th Cir. Apr. 29, 2011). Alston does not allege that § 2255 provides inadequate or ineffective relief in light of this standard.

### B. Writ of Mandamus

A Writ of Mandamus is a drastic remedy used only in "exceptional circumstances," usually limited to cases where a federal court is acting in aid of its own jurisdiction. *See* 28 U.S.C. § 1361; *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587–88 (4th Cir.

1969). Under 28 U.S.C. § 1361 federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. In order to meet the requirements for mandamus relief, a petitioner must show: 1) that he has the clear legal right to the relief sought; 2) that the respondent has a clear legal duty to do the particular act requested; and 3) that no other adequate remedy is available. *See In re First Fed. Savings. & Loan Association,* 860 F.2d 135, 138 (4th Cir. 1988). The allegations in the Petition fail to satisfy any of the requirements stated above for mandamus relief. Petitioner cannot show that he "has the clear legal right to the relief sought" because challenges to sentences are properly raised by way of a § 2255 motion, not through a petition for mandamus. *See e.g. In re Loveridge*, 319 F. App'x 240, 240 (4th Cir. 2009) (citing to *In re United Steelworkers*, 595 F.2d 958, 960 (4th Cir.1979). Neither can he demonstrate that this Court has any type of ministerial or non-discretionary obligation to reduce his sentence.

### III.     CONCLUSION

For the reasons stated above, the Petition will be dismissed without prejudice and without issuance of service of process. This Court finds Alston has not made the requisite "substantial showing of the denial of a constitutional right" for a Certificate of Appealability and this Court shall deny a Certificate of Appealability. *See* 28 U.S.C. § 2253(c)(2).

A separate Order follows.


August 27, 2012                                       /s/
Date                                              RICHARD D. BENNETT
                                              UNITED STATES DISTRICT JUDGE